Hon. James P. Melton Commissioner Department of Motor Vehicles
This is in response to your request for an opinion of the Attorney General as to whether a conflict of interest or other illegality exists in the situation where employees of the Department of Motor Vehicles serve on the Advisory Committee of the Traffic Safety Management and Research Institute created by the Research Foundation of the State University of New York.
You advise me that the Department of Motor Vehicles, in order to create an overall traffic safety improvement plan, is entering into a contract with the Research Foundation of the State University of New York, a private, non-profit, educational corporation. Under this contract, the Research Foundation will create a Traffic Safety Management and Research Institute within the State University of New York at Albany to provide your Department with technical information and assistance. Your Department will provide all necessary funding for the Institute, which funding has been obtained from a federal grant.
The contract provides that the Institute will be managed by an Advisory Committee which will decide all matters of policy relating to the operation of the grant. The Advisory Committee will be composed of representatives of various State agencies and of the academic community. You inform me that you as Commissioner of Motor Vehicles, will appoint two employees of your Department to such Committee and that such employees will receive no compensation for their services on the Committee. You also state that the purpose of the Committee, and their membership on it, is to insure that the Institute acts in the interest of your Department and in accordance with the federal grant.
You question whether a conflict of interest exists in this situation since, in effect, employees of your Department will be managing a private institute which receives and disperses funds sent to it by those same employees in their official capacities.
It is a general rule that a person may hold two public offices at the same time, unless there is some specific constitutional or statutory prohibition, or unless the simultaneous holding of both offices would create an incompatibility under the common law. Although in this situation, membership on the Advisory Committee is not a "public office" due to the fact that the Research Foundation is a private, non-profit corporation, the general principles for compatibility of offices would still apply.
A review of Public Officers Law, §§ 73 and 74 reveals no prohibition on an employee of your Department being a member of the Advisory Committee. Nor is there any other statutory or constitutional provision prohibiting the holding of such dual positions.
Public offices are incompatible when there is a conflict in the duties such that the full performance of the duties of one would interfere with the full performance of the duties of the other (People ex rel. Ryan v.Green, 58 N.Y. 295 [1874]; O'Malley v. Macejka, 54 A.D.2d 992, 993 [3d Dept., 1976] aff'd 44 N.Y.2d 530 [1978]). After reviewing the duties of a member of the Advisory Committee and those of an employee in your Department, I find no conflict in such duties which would cause an incompatibility in the two positions. In fact, it appears that the two positions complement each other, in view of the fact that the purpose of the Advisory Committee is to insure that the Institute acts in the best interest of your Department.
I have assumed, of course, that the employees' services on the Committee will be outside their hours of State employment and will not interfere with such employment.
Therefore, I conclude that employees of the Department of Motor Vehicles may serve on the Advisory Committee of the Traffic Safety Management and Research Institute created by the Research Foundation of the State University of New York.